## The Highway Commissioners of Port Huron vs. Schuyler J. Stockman and Another.

Where action is brought by the Highway Commissioners of a township, in their name of office, and one of them goes out of office before the cause is tried, he is a competent witness for plaintiffs on the trial.

A joint action can not be brought by the Overseers of two adjoining road districts for an injury caused to a bridge which is partly in each district.

Nor can the Commissioners of Highways of the township, on the refusal of the respective Overseers to prosecute, sue under the statute, and recover in one action for the damages sustained by both districts.

*Heard October 5th. Decided October 16th.*

On case made after judgment from St. Clair Circuit, where judgment was rendered for plaintiffs.

A statement of the case, so far as is necessary to an understanding of the points decided, will be found in the opinion.

*L. Bishop*, for defendants.

*W. T. Mitchell*, for plaintiffs.

CAMPBELL J.:

The plaintiff brought an action for the injuring of a highway, by the destruction of a draw in a bridge over Black River, which is a public river. The bridge was built by the United States Government, while Michigan was a territory, and formed part of a Government road, which is now under the control of the local authorities as a common way. The suit was brought under section 1114, p. 374, Compiled Laws, upon the ground that the overseers of the road districts refused to prosecute. The dividing line between two road districts passed through the middle of the draw which was destroyed, and it was upon the alleged uncertainty as to which district had sustained the injury that the overseers of both had declined to prosecute.

Upon the trial below, D. B. Harrington was admitted as a witness, under an objection that he was, at the commencement of the suit, one of the Commissioners of Highways, although no longer such at the time of trial; and this is alleged as error. We think there was no error in the admission. The statute requires suit to be brought by the Commissioners by their name of office, and does not allow their individual names to be used. — 2 *Comp. L. p.* 1308, § 4912. It is very evident that the whole chapter treats them in this respect as a corporation, the suit being in no way affected by changes of incumbents, and the record not showing who such incumbents are. Mr. Harrington, when sworn, was not in office, and the objection is therefore entirely untenable.

The principal question going to the merits of the case is, Whether, inasmuch as two districts appear to have been injured, the Commissioners can sue in one action to recover for the damages sustained by both. This renders it necessary

to inquire in what manner, and in what right, these causes of action arise, and how the Commissioners become empowered to interfere.

Road districts being established with defined boundaries, the statute provides that whenever any injury is done to a highway, the overseer of the road district within which the injury was done, shall, in his name of office, prosecute the wrong doer, and recover treble damages, to be expended by him in the repairs of roads in his district.— 1 *Comp. L. p.* 374, § 1113. If the overseer is the guilty party, or if he refuses to prosecute the offender, the Commissioners of Highways for the town are authorized to sue for the injury, and expend the amount recovered in repairing roads within the district where the injury occurred.—*p.* 374, § 1114.

The whole matter is statutory, and we must find the authority of these various officers in the legislation which has created it. It is plain that whether injury extends into more than one district or not, the overseer of each district must sue for such injury as has been done within his own district, and no more; and must use the damages which he recovers for the sole purposes of his district. There is no difficulty in distinguishing the various rights of action. Instances are not unfrequent where one act gives rise to various individual actions; and in such cases each party aggrieved recovers his own damages. But in such cases, no joint cause of action arises, unless some joint right has been invaded. Such is not the case here. For the overseer of one road district is not allowed to sue for any injury outside of his own boundaries, however much it may incidentally affect travel over the rest of the road. And the money which he receives must all be expended within his own lines. The law has made no provision whatever for joint actions, and excludes them as well by its clear instructions concerning the expenditure of the funds, as by the absence of any rule of apportionment in case joint actions should be instituted. District overseers have no joint powers as district officers.

HIGHWAY COMMISSIONERS *vs.* STOCKMAN.

Although Commissioners of Highways are officers of the whole town, yet, in performing the duties imposed on them by section 1114, above referred to, they do not act in their ordinary capacity, but undertake special duties affecting the single road district in question. They are performing, for the time being, the duties of the overseer, and are obliged to expend the money recovered within the district precisely as he would have done had he performed his duty. They have no authority to bring any action which an overseer could not have brought. And this being so, we do not perceive how they can establish any joint cause of action for injuries affecting several districts at once. It is the neglect or fault of single overseers which authorizes them to proceed; and there can be no joint neglect, because there is no joint duty. Although all may be in fault, their faults are separate, and the actions arising from them must be equally so. It is quite probable that had the Legislature foreseen the likelihood of serious injuries on the borders of adjacent road districts, some joint remedy might have been devised. But as the law stands, we do not perceive how this action can be maintained. The case does not show how much damage was done to each district, and the law has created no method of apportionment. If both districts have been damnified, two suits were requisite; if only one, the case should make but one claim, and the damages should be shown accordingly.

Being satisfied that the case made shows the action to have been improperly brought for a joint injury, and that the judgment must be reversed on this ground, we do not deem it necessary to go into an examination of the other legal propositions involved in the case.

The judgment below must be reversed.

MANNING and CHRISTIANCY JJ. concurred. MARTIN Ch. J. did not sit in this case.