## THE TOWNSHIP OF DENVER v. THE WHITE RIVER LOG AND BOOMING COMPANY.

*Actions for injuries to highways and bridges.*

Plea of the general issue is proper where the claim made is not well founded in fact; and after a verdict of no cause of action, for want of authority in the plaintiff to bring the suit, the defendant is not estopped from insisting upon such want of authority as a defense.

The Legislature has power to direct what officer shall bring any class of public actions, and what shall be done with sums collected therein.

Actions for injuries to highways and bridges cannot be brought by the township in which they are situated, but must be brought by the overseer of highways, or, if he is disqualified from suing, by the commissioner of highways. Acts 242 and 243 of 1881. And injuries to highways in different districts cannot be joined in one action.

Error to Newaygo. (Fuller, J.) October 5.—October 10.

CASE.   Plaintiff brings error.   Affirmed.

*Albert G. Day* for appellant.

*Frank Bracelin* and *Norris & Uhl* for  appellee.

CAMPBELL, J.   This is an action at law, brought by a
township to recover for damages done to various highways
and bridges at various times in several years.   All are
joined in a single count.   When the case, after issue joined
in the ordinary form, came on to be tried, the court direct-
ed a verdict of no cause of action, because the township
could not sue for such injuries.

The ground is now taken by plaintiff that defendant, by
pleading to the merits, is estopped from now insisting on
any such want of power.   But the general issue is certain-
ly a proper answer to any claim not well founded in fact.
If defendant owes nothing to the plaintiff, there can be no
recovery.

The statutes of 1881, revising and consolidating the pre-
vious statutes on the subject of highways and bridges (Pub.
Acts 1881, pp. 285, 288) save all existing causes of action, and
provide for future ones on the same footing as before.   By
section 8 of chapter 10 persons committing such grievances
as are here complained of are made liable to respond in an
action to be brought by the overseer of highways, or in case
of his neglect or refusal, or in case he is himself the offend-
er, by the commissioner of highways ; but in either case
the money is to be expended in the road district in the re-
pair of roads.   There is no statute authorizing the town-
ship to interfere.

But it is claimed that since townships have been made
responsible in certain cases for injuries arising from defect-
ive bridges and ways, and have been required to keep them
in repair, this necessarily authorizes them to sue for inju-
ries done to such ways and bridges.   But it is to be ob-
served that the same act which provides this duty and lia-
bility does not authorize it to be performed by the means
of new or different officers, but makes the old officers for

these purposes township officers, and subject to the general, but not to any but the general, direction of the township authorities. Pub. Acts 1879, p. 224. No change is made by this act in the method of doing such work, and none is made in the powers and responsibilities of commissioners and overseers. And the act of 1881 would at any rate set this at rest, because it re-enacts the old laws with no substantial change.

The Legislature has full power to direct by what officers any class of suits shall be brought, and what disposition shall be made of sums collected. It has seen fit to place the control of this class of suits in the hands of the persons who have charge of the ways and bridges injured, and who will have charge of the repairs. And it has appropriated the fund in each case to the district injured. It would be contrary to the direct purpose of the law, and contrary to its terms, to allow such suits to be brought on several grievances in separate districts together, so as to make it impossible to get at the share of each district, and equally so to have the fund in any hands but those designated. This question was fully considered in *Highway Commissioners v. Stockman* 5 Mich. 528, and there has been no change since in the legal policy of the State. The ingenious suggestions made on the argument do not change the plain language of the law.

The judgment must be affirmed with costs.

The other Justices concurred.