## DAVIS v. TOWNSHIP OF FRANKENLUST.

1. TOWNSHIPS—TRESPASS TO LANDS—VENUE.

Whether a township may be sued in another county than that of which it forms a part, for a trespass to land in such other county,— *quære.*

2. INJUNCTION—CONTINUING TRESPASS.

A trespass to land which is of a continuing nature, the constant recurrence of which renders the remedy at law inadequate unless by multiplicity of suits, may be relieved against by injunction.

3. PUBLIC OFFICERS—SUITS BASED ON OFFICIAL ACTS—VENUE.

2 How. Stat. § 7549, providing that suits against public officers, based on official acts, shall be brought in the county where the cause of action arises, sustains the right of one whose lands are flooded by the action of highway officers of another county to sue in the county in which his lands are situated, although the water is set in motion in such other county, since no trespass is consummated until the water reaches the lands.

Appeal from Saginaw; Snow, J. Submitted November 1, 1898. Decided November 9, 1898.

Bill by Richard Davis against the township of Frank-

enlust, Jacob Gates, and others, to restrain the further flooding of complainant's land, and for an accounting for damages already done. From an order overruling a demurrer to the bill, defendants appeal. Affirmed.

*Crane & Crane*, for complainant.

*I. A. Gilbert* (*James Van Kleeck*, of counsel), for defendants.

Moore, J. This is an appeal from an order overruling a demurrer to a bill of complaint. Complainant filed a bill in chancery, alleging, among other things, that he is the owner of a farm, in the county of Saginaw, that borders on the county line between Bay county and Saginaw county, and that defendants are flooding his lands with water, which is brought to his farm by means of ditches constructed by defendants, making his lands useless for farming purposes. The bill alleges defendants are yearly increasing the amount of water thrown upon his lands, and threaten to enlarge the quantity by opening and extending more ditches; that the water so discharged creates a nuisance, and has done him much damage; and prays for an accounting for the damages done, and for an injunction to prevent the further flooding of his lands. The bill shows complainant's lands are in Saginaw county, while all the ditches which have been opened are upon land in Bay county, except such culverts as are made in the highway between the two counties. A general demurrer is interposed to the bill by all of the defendants. Only a portion of the reasons set up in the demurrer are discussed in the brief.

It is said the township of Frankenlust cannot be made a party to a suit in Saginaw county; citing *Pack, Woods & Co.* v. *Township of Greenbush*, 62 Mich. 122. Whether this contention is true, where the township is a trespasser to real estate situated in another county, is not decided by the case cited. If it is true, the case can be discontinued as to the township.

It is claimed the complainant has no standing in a court of equity, because the acts of which complaint is made were done more than six years before the bill was filed, and complainant has an adequate remedy at law. The bill alleges the trespass to be a continuing and increasing one. The jurisdiction to grant injunctions to prevent trespasses upon lands, though sparingly exercised, is well established, where the trespass is of a continuing nature, whose constant recurrence renders the remedy at law inadequate, unless by multiplicity of suits. 1 High, Inj. § 697; 1 Wood, Nuis. § 376; *Gregory* v. *Bush,* 64 Mich. 37 (8 Am. St. Rep. 797).

It is also claimed the individual defendants opened ditches upon their own lands, which are all in Bay county, and would have resulted in no injury to complainant had it not been for the action of the highway officer of the township of Frankenlust, which township is in Bay county; and that no action can be maintained against that officer, and those who assisted him, except in Bay county,—citing 2 How. Stat. § 7549; *Graham* v. *Montcalm Circuit Judge,* 62 Mich. 147. These citations, instead of aiding defendants, are against them. What is the fact in this case which gives complainant a right to maintain this proceeding, if he has such a right? It is manifestly a trespass to his lands by causing to come upon them water in unusual quantities, to his injury. That trespass does not occur until the water reaches his land. It is true, some of the agencies which cause this result are set in motion some distance away from his land, and in the adjoining county. These acts would have constituted no cause of complaint had they not resulted in a trespass, and the act which constituted the trespass was the arrival and the spreading of the water upon the land of complainant in unusual quantities. The complainant resides in Saginaw county. The land injured is in that county. The trespass occurs upon the land in that county, and we think the chancery court of that county has jurisdiction to dispose of the case. 2 How. Stat. § 6611.

The order overruling the demurrer is sustained, with costs, and defendants are allowed 20 days in which to answer.

The other Justices concurred.