TOWNSHIP OF MERRITT v. HARP.

1. TOWNSHIPS—INTEREST IN HIGHWAYS—INJUNCTION—PARTIES.
   A township has such an interest in its highways that it may maintain a bill to restrain the unlawful flooding of the same. *Township of Denver* v. *Booming Co.*, 51 Mich. 472, distinguished.

2. SAME—PLEADING—MULTIFARIOUSNESS.
   Such a bill, brought against a county drain commissioner and the highway commissioners of two other townships, alleging the maintenance of certain drains and ditches whereby water is discharged upon lands in complainant township, to the consequent injury of its highways, is not open to the objection of multifariousness.

3. NUISANCE—FLOODING LANDS—EQUITABLE REMEDY.
   The unauthorized casting of water upon lands not condemned, though done by public authority, creates a nuisance, from which relief may be had in equity.

Appeal from Bay; Shepard, J. Submitted February 21, 1902. (Docket No. 107.) Decided June 24, 1902.

Bill by the township of Merritt against William Harp, drain commissioner of Tuscola county, and Francis Dawson and William Findlay, highway commissioners of Gilford and Denmark townships, respectively, in said county, to restrain the flooding of complainant's highways. From an order overruling separate demurrers to the bill, defendants appeal.   Affirmed.

*Isaac A. Gilbert* (*James Van Kleeck,* of counsel), for complainant.

*G. W. Davis,* for defendants.

MONTGOMERY, J.   This is an appeal from an order overruling the several demurrers of defendants to the bill, of complaint.   The bill alleges that there are in said township numerous highways, bridges, and culverts, constructed, built, and maintained at the public expense, and controlled by the township.   It sets out the location of these highways, bridges, and culverts, and the cost; that there are certain low lands in the township, and no outlet by which water brought upon such lands can escape, but that the water remains and forms a nuisance, and endangers the public health, and should be abated.   The bill further alleges that the county authorities of the county of Tuscola, to wit, the county drain commissioner, who is made a defendant herein, and the township authorities of the townships of Gilford, Tuscola county, and of Denmark, Tuscola county (the highway commissioners of such townships being made defendants), have caused certain drains and ditches to be constructed and maintained, which carry, convey, and discharge water upon the low lands before mentioned.   The bill proceeds to describe specifically the land, and then alleges that, when there is a large accumulation of water in the ditches, in the spring and at other wet seasons of the year, the water conveyed by the ditches comes through them in such quantity and with such force as to injure and destroy the highways and bridges before referred to.   The bill further alleges that

the defendants claim and contend that they have the right to continue to maintain said ditches and drains, and asks that this continuing trespass be restrained. The demurrer is based upon two propositions: *First*, that the bill is multifarious; and, *second*, that the complainant cannot maintain the action, for the reason that the highways and bridges are under the supervision of the highway commissioner. Under Chancery Rule 9 *a*, we need not look further to the substance of the bill than to ascertain whether it is open to the specific objections raised by the demurrer.

It is contended that, for any such injury as is threatened to the highways of the township, the highway commissioner is the only party who can bring suit; and reliance is placed upon the case of *Township of Denver* v. *Booming Co.*, 51 Mich. 472 (16 N. W. 817). That was an action at law to recover damages, and it was there held that, inasmuch as the statute confers the right upon the overseer of highways in the first instance, and upon the highway commissioner in case of his failure, to institute suits for injuries to highways, an action for damages could not be maintained by the township; and this upon the ground that the statute then in force, and still in force, contemplated that the proceeds of an action for damages to the highway should be appropriated to the fund of the district where the injury occurred, and that it would be contrary to its terms to allow such suits to be brought on several grievances, in separate districts, together, so as to make it impossible to get at the share of each district. But that case recognizes that, since townships have been made responsible in certain cases for injuries arising from defective bridges and ways, they have an interest in the maintenance of such highways. At least, there is no intimation against such a view. Nor are we cited to any statute which excludes the township from taking preventive measures, in its own interests, to preserve its highways. Nor are we cited to any case in which the courts have so declared. The township is a body corporate, and

by 1 Comp. Laws, § 2268, is authorized to sue and be sued in its corporate name; and that it may apply to a court of equity, in a proper case, to prevent injury to property in which it is interested, seems to us clear.

As to the question of multifariousness, if the defendants are, in their several capacities, concerned in maintaining a water-course which casts water upon the lands of the complainant township, creating a nuisance, endangering its highways and bridges, they would seem to be proper parties. We think the bill sufficiently avers this, and the question of fact cannot be tried upon this issue. See the case of *Davis* v. *Township of Frankenlust,* 118 Mich. 494 (76 N. W. 1045).

That an unauthorized casting of water upon lands which have not been condemned, even though done by public authority, may create a nuisance which is remediable, see *Pennoyer* v. *City of Saginaw,* 8 Mich. 534; *Ashley* v. *City of Port Huron,* 35 Mich. 296 (24 Am. Rep. 552).

The order overruling the demurrers will be sustained, and the case remanded, with leave to the defendants to answer over on the usual terms. The complainant will recover costs in this court.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.