TOLSMA *v.* JAMES E. SCRIPPS CORPORATION.

1. INJUNCTION—DENIAL—LACHES—COMPARATIVE DAMAGES.

An injunction to restrain the obstruction of an area between the buildings of complainants and defendant will not be denied on the ground that complainants have delayed commencing suit until its issuance would cause defendant more damage than its refusal would cause complainants, where long before defendant's building was commenced defendant was notified that complainants insisted upon the area being left open, and tendered defendant the amount of money required by their deed and contract to entitle them to have it left open, which defendant refused.

2. SAME—DENIAL—GROUNDS—ABSENCE OF INJURY TO COMPLAINANTS.

An injunction to restrain the obstruction of an area between the buildings of complainants and defendant will not be denied on the ground that defendant is leaving open an area which will be much more advantageous to complainants' building than the one in controversy, complainants being entitled to decide that matter for themselves as long as they keep within their legal rights.

Appeal from Wayne; Brooke, J.   Submitted April 10, 1908.   (Docket No. 36.) - Decided May 26, 1908.

Bill by Charles S. Tolsma and Alexander S. Tolsma against the James E. Scripps Corporation to enjoin a building upon certain premises.   From a decree for complainant, defendant appeals.   Affirmed.

*Thomas O'Hara*, for complainants.

*Jasper C. Gates* (*Herbert C. Munro*, of counsel), for defendant.

MOORE, J.   This is an appeal from an order of the circuit court for the county of Wayne, in chancery, Brooke, circuit judge, issuing a writ of injunction restraining defendant and appellant from "building upon or otherwise obstructing above the grade line" a certain area or space upon defendant's land, 6 feet wide northerly and southerly by 31 feet, 8 inches long easterly and westerly, lying next to and southerly of a portion of the "Tolsma Building" which is situated on the southwest corner of State and Rowland streets in the city of Detroit.   Both parties claim title under John Atkinson and James Atkinson, who on the 1st day of June, A. D. 1886, owned lot 55 and easterly 10 feet of lot 56 of section 8 of the Governor and Judges' Plan of Detroit.   The plat attached will aid in understanding the situation.

Complainants are the owners of the north 27 feet of this property.   Defendant is the owner of the remainder. In November, 1907, defendant commenced the construction of its building.   The bill of complaint was filed December 4, 1907, the order appealed from granted December 13th, and the appeal perfected December 17th.   The rights of the parties grow out of a contract dated May 31, 1886, and a deed of June 1, 1886, both of which were placed upon record and both of which appear in the record at length.

The important claims of the appellant are as follows:

"*a*. Complainants claim that the rights of the parties are governed by the contract of May 31, 1886, Exhibit I, and that, therefore, the area in question extends to the west line of the Atkinson property and is 31 feet, 8 inches in length.

"*b*. We contend that Exhibit I was superseded by the deed of June 1, 1886, and that the 'area' was 'in the jog caused by the north wall of the Tribune building' and is, therefore, only 21 feet, 8 inches in length and covers no part of lot 56.

"*c*. We claim that, under their deed from James J. Atkinson, complainants' rights are limited to 'the area of space between' said dwelling on said 27 feet and the Tribune building, and that no part of Lot 56 was ever between these buildings."

It is sufficient reply to these contentions to say that a fair construction of the deed entitles the complainants to

an area 31 feet and 8 inches in length, the rear of said area to be 60 feet from Rowland street.

It is further claimed:

"An injunction ought to be denied because complainants have delayed commencing suit until the issuing of an injunction would cause more damage to us than its refusal would cause to complainants. Moreover this delay was for the purpose of extortion."

This claim has no merit. Long before the building was commenced defendant was notified that complainants insisted upon the area being left open and tendered to the defendant the amount of money required by the deed and contract to be paid to entitle complainants to have the area left open. The defendant refused to take this money and proceeded to erect its building.

Counsel further say:

"It is clear from the answer and the affidavits of the three architects that even if complainants were right in their claims as to the location and character of the area in question, that the area which we are leaving open is very much more advantageous. It leaves open four tiers of windows instead of the two which would be left open if the area was constructed according to their claims. The area we are leaving open is 150 per cent. larger, it opens into a 10-foot alley communicating with the public alley, thus giving air circulation as against a mere unventilated well hole of insignificant proportions which would be left if complainants' contentions were sustained."

It is not for the defendant to decide what would be most advantageous to complainants; as long as they are within their legal rights that is a matter for them to decide. The contract and deed were both of record. The correspondence shows that defendant knew about them and their terms long before it commenced to build. As before stated, it knew that complainants insisted upon having the area. It acted at its peril. There is a full discussion of the last two propositions of the solicitors for the defendant in *Ives* v. *Edison*, 124 Mich. 402 (50 L. R. A. 134),

where there is a large array of authorities gathered and cited.

The other contentions of counsel have been examined. We do not deem it necessary to discuss them.

The decree is affirmed, with costs.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.