GILLIGHAM v. RAY.

1. EQUITY—PLEADING—DEMURRER.
   Under Chancery Rule 9, subd. *a*, requiring the special reasons of form or substance to be stated in the demurrer, a general demurrer will be overruled if a case for equitable relief is stated in the bill of complaint.

2. SAME—INJUNCTIONS TO PROTECT PROPERTY RIGHTS.
   A bill for an injunction showing that the complainants are entitled to the exclusive use of moving picture films, under a contract of the owners, and that the defendants are wrongfully using and exhibiting the same films, entitles the complainants as assignees of such exclusive rights to the relief prayed.

Appeal from Muskegon; Sessions, J. Submitted June 11, 1909. (Docket No. 96.) Decided July 6, 1909.

Bill by Albert J. Gilligham against Carl Ray and W. S. Waterman to enjoin the exhibition of certain moving pictures. From an order overruling a demurrer to the bill, defendants appeal. Affirmed.

*Cross, Lovelace & Ross,* for complainant.

*James E. Sullivan* and *R. J. Macdonald,* for defendants.

BLAIR, C. J.   Defendants appeal from an order overruling their demurrer to the complainant's bill of complaint.   The bill of complaint sets up that, under a contract with the Chicago Film Exchange, the owner and controller of "the original Nelson-Gans fight film pictures taken at Colma, Cal.," complainant acquired the exclusive right to show said pictures on or before the 26th day of November, 1908; that complainant had made arrangements at great expense to exhibit said pictures at the Grand Opera House at Muskegon on Thursday afternoon and evening, November 26, 1908, and that no one else had a right to exhibit said pictures on or before said day—

"That your orator is informed and believes that films of the said original Nelson-Gans fight film pictures were rented by said Chicago Film Exchange to Walter Butterfield of Battle Creek, Mich., for use in Benton Harbor, Mich., on November 23, 1908, and November 24, 1908, and that said original Nelson-Gans pictures were surreptitiously and without authority or right brought to the city of Muskegon, and your orator further avers upon positive knowledge that said films are now being exhibited by said defendants Carl Ray and W. S. Waterman at the five cent picture theatre known as the 'Lyric,' located on Western avenue, in Muskegon, Mich., without the consent of said Chicago Film Exchange, and without any right or authority whatsoever, and without the consent of your orator, and in violation of the rights of your orator in the premises.

"That after your orator had learned that said original Nelson-Gans fight pictures of September 9, 1908, were being exhibited in Muskegon, he called up one Max Lewis, manager of said Chicago Film Exchange, at Chicago, Ill., and talked with him over the long distance telephone, advising him of what was being done in Muskegon as aforesaid, and your orator was thereupon informed by said Max Lewis, manager of said Chicago Film Exchange, that no one other than your orator had any right to exhibit said original Nelson-Gans fight film pictures of

September 9, 1908, in Muskegon on or before November 26, 1908.

"Your orator further shows unto the court that said defendants are extensively advertising their exhibition of said pictures as aforesaid by handbills and otherwise, one of said handbills being hereto annexed, marked 'Exhibit B,' and made a part of this bill of complaint.

"That your orator has personally interceded with said Carl Ray and W. S. Waterman, defendants aforesaid, informing them of his rights in the premises, and exhibiting the telegram as aforesaid, and requested said defendants to discontinue the exhibiting of said pictures, which said defendants thereupon refused to do.

"That, if said defendants are permitted to continue the exhibition of said pictures in violation of the rights of your orator, your orator will suffer irreparable loss and injury, and that your orator has no adequate remedy other than by the injunction of this honorable court. * * *

"That the said defendants, Carl Ray and W. S. Waterman, and each of them, may be restrained and enjoined by the order and decree of this court from exhibiting said original Nelson-Gans fight film pictures, taken at Colma, Cal., September 9, 1908, on or before November 26, 1908.

"That, upon the filing of this bill of complaint, a restraining order or a temporary injunction may be issued in accordance with the practice of said court restraining said defendants, Carl Ray and W. S. Waterman, and each of them, from exhibiting said original Nelson-Gans fight film pictures of September 9, 1908, in Muskegon, Mich., at any time prior to November 27, 1908."

The reasons stated as the basis for the demurrer are as follows:

"It appears from the allegations of said bill that there is no privity between complainant and defendants, and that complainant has no such interest in the subject-matter of this suit as would entitle him to maintain the same in a court of equity."

As was said in *Township of Merritt* v. *Harp*, 131 Mich. 174 (91 N. W. 156):

"Under Chancery Rule 9a, we need not look further to the substance of the bill than to ascertain whether it is open to the specific objections raised by the demurrer."

"A general demurrer challenges the equity of the case made by the bill, and will be overruled if a case for equitable relief is set out, however imperfectly." *Greenley* v. *Hovey*, 115 Mich. 504 (73 N. W. 808).

The Chicago Film Exchange, so far as the bill shows, owed no duty to complainant to protect him against the unlawful or fraudulent use of their film by others. If complainant had any cause of action whatever, it was against defendants. Having obtained the exclusive right to exhibit this film in Muskegon, he had the same right of action against any person unlawfully or fraudulently invading that exclusive right that the Film Exchange Company itself would have had in the absence of the contract. It would hardly be contended that the corporation owning and controlling the use of this film could not protect its rights by suit to prevent the unauthorized use thereof. No good reason is perceived for denying the same right to the assignee of the corporation's exclusive rights within the contract limits of time and place. The argument of defendants' counsel is principally in support of other grounds of demurrer, which are not open for our consideration. Considering only the reasons assigned in the demurrer, it was properly overruled.

The decree is affirmed, with leave to answer in accordance with the rules and practice of the court.

GRANT, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.