### SMART FARM CO. v. PROMAK.

1. COVENANTS—BUILDING RESTRICTIONS—WAIVER.
   Finding of trial judge that building restrictions of record in residential district had not been waived, and were still in force, *held*, justified, on record.

2. SAME—INJUNCTION—DAMAGES TO ADJOINING LOT OWNERS IMMATERIAL.
   Purchasers of lot in subdivision restricted of record to use for residential purposes are enjoined from conducting confectionary business in basement of their dwelling at suit of subdivision owner, where restrictions are still in force, although it is not shown that either plaintiff or adjoining lot owners will suffer consequential damages.

Appeal from Wayne; George (Fred M.), J., presiding. Submitted January 8, 1932. (Docket No. 73, Calendar No. 36,134.) Decided April 4, 1932.

Bill by Smart Farm Company, a Michigan corporation, against Stanley Promak and another to enjoin violation of a building restriction. Bill dismissed. Plaintiff appeals. Reversed.

*Dykema, Jones & Wheat* (*Benjamin J. Manley*, of counsel), for plaintiff.

CLARK, C. J.   Plaintiff, a corporation, is owner of the lots of Smart Farm Subdivision, Wayne county, except lots sold. Defendants are land contract purchasers of a lot, the use of which, in common with other lots, is restricted of record to a single or double residence.

Defendants remodeled the basement under their dwelling, provided a front entrance, and opened and now conduct a confectionary business therein. This bill was filed to enjoin it. The bill was dismissed. Plaintiff has appealed.

The trial judge, in his opinion filed, states that right to enforce restrictions had not been waived, and that they are in force and effect. We agree with him. The restrictions remain beneficial. But he dismissed the bill on the theory "that neither the plaintiff nor adjoining property owners will suffer any consequential damage by reason of the maintenance of the said basement candy store."

The matter of damages to plaintiff is immaterial. *Longton* v. *Stedman,* 182 Mich. 405; Berry on Restrictions, § 413.

Defendants admittedly have violated the restrictions, and ought to be enjoined.

Reversed, with costs. Plaintiff may have decree.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.