HARRISON COMMUNITY HOSPITAL v BLUSTEIN

Opinion of the Court

1. Venue—Garnishment—Place of Wrong—Incidental Damages.

Venue was improperly laid in Macomb County in an action by a Macomb hospital for damages where the injuries complained of, wrongful garnishment and abuse of legal process, occurred in Wayne County and only incidental damages which were not part of the plaintiff's cause of action occurred in Macomb County.

Dissent by Beasley, J.

2. Venue—Cause of Action—Location.

*Venue in an action for damages by a Macomb County hospital was properly laid in Macomb County and did not necessarily lie in Wayne County where it could be said that at least part of the plaintiff's cause of action, the garnishment of funds deposited by plaintiff in a Macomb branch of a Wayne County bank, arose in Macomb County.*

Appeal from Macomb, Walter P. Cynar, J. Submitted May 13, 1977, at Detroit. (Docket No. 28577.) Decided June 7, 1977.

Complaint by Harrison Community Hospital against Seymour H. Blustein, National Pharmaceutical Services, Inc., and others, seeking an injunction and damages arising from a wrongful garnishment and malicious abuse of legal process. Defendants moved to change venue from Macomb County to Wayne County, alleging that venue was improperly laid. Motion denied. Reconsideration of

References for Points in Headnotes
[1, 2] 6 Am Jur 2d, Attachment and Garnishment §§ 23, 24.
77 Am Jur 2d, Venue §§ 36, 37.

motion denied. Defendants appeal by leave granted. Reversed and remanded for change of venue.

*Gage & Reizen,* for plaintiff.

*Lampert & Fried* (by *Charles E. Lampert* and *Gary E. Levitt),* for defendants.

Before: Bashara, P. J., and Quinn and Beasley, JJ.

Quinn, J. This action attacks defendants' attempts to collect a $350,000 judgment against plaintiff. The judgment was entered in Wayne County Circuit Court May 3, 1974, and it was affirmed on appeal, *National Pharmaceutical Services, Inc v Harrison Community Hospital,* 67 Mich App 286; 241 NW2d 76 (1976).

Plaintiff's complaint and amended complaint alleged that defendants caused writs of garnishment to issue contrary to court rule and froze plaintiff's bank accounts at Detroit Bank and Trust which caused plaintiff damage. Plaintiff further alleged that the writs of garnishment were issued in violation of an agreement between plaintiff and National Pharmaceutical Services, Inc., and were a malicious abuse of process. Plaintiff sought injunctive relief and damages.

Prior to answering and on March 5, 1976, defendants moved to change venue improperly laid pursuant to GCR 1963, 404. The motion was based on MCLA 600.1621, 600.1625; MSA 27A.1621, 27A.1625.[1] Plaintiff contended that venue was properly laid under MCLA 600.1627; MSA 27A.1627 and cited *Davis v Frankenlust Twp,* 118 Mich 494; 76 NW 1045 (1898). Defendants' motion

---

[1] Amendatory 1976 PA 375 was not in effect on March 5, 1976.

was denied as was their motion for reconsideration and they appeal on leave granted.

Was venue properly laid in Macomb County?

The record is clear that defendants are established in Wayne County and that is the proper county of venue under MCLA 600.1621, 600.1625; MSA 27A.1621, 27A.1625, unless MCLA 600.1627; MSA 27A.1627 is applicable. That section of the statute reads in part:

" * * * the county in which all or a part of the cause of action arose is a proper county in which to commence and try the action."

Did any part of plaintiff's cause of action arise in Macomb County?

Although *Davis, supra,* dealt with a prior statute, we find it instructive and as not supporting plaintiff's position. There, ditching in Bay County caused flooding on plaintiff's land in Saginaw County. At 118 Mich 494, 496, the Court said,

"What is the fact in this case which gives complainant a right to maintain this proceeding, if he has such a right? It is manifestly a trespass to his lands by causing to come upon them water in unusual quantities, to his injury. That trespass does not occur until the water reaches his land. It is true, some of the agencies which caused this result are set in motion some distance away from his land, and in the adjoining county. These acts would have constituted no cause of complaint had they not resulted in a trespass, and the act which constituted the trespass was the arrival and the spreading of the water upon the land of complainant in unusual quantities."

The wrong was the trespass which occurred in Saginaw County and that determined where the cause of action arose.

In the case at bar, the wrong, if any, was garnishment in Wayne County and the incidental damages that occurred in Macomb County were not part of plaintiff's cause of action, except as elements of damage. Venue in Macomb County was improperly laid, and it was error not to grant defendants' request for change of venue.

Having reached this conclusion, it is not necessary to deal with defendants' other issue.

Reversed and remanded for entry of an order changing venue to Wayne County with costs to defendants.

BASHARA, P. J., concurred.

BEASLEY, J. *(dissenting)*. I respectfully dissent.

I agree with the majority that the issue is whether, under the venue statute, the cause of action asserted by plaintiff-appellee arose in Macomb County.[1]

Plaintiff-appellee is a hospital located in Macomb County. By the device of making a corporation located in Wayne County a party-defendant, defendant-appellant was able to litigate and obtain a substantial judgment against plaintiff-appellee in Wayne County.[2] The within cause of action which sounds in tort arises out of allegedly improper, unlawful garnishments secured to attempt collection of the judgment.

Plaintiff-appellee does its banking in Macomb County, just as every phase of its operation is in

---

[1] MCLA 600.1627; MSA 27A.1627 provides as follows:
"Sec. 1627. Except for actions founded on contract and for the actions listed in sections 1605, 1611 and 1615, the county in which all or a part of the cause of action arose is a proper county in which to commence and try the action. * * * ." (Footnote omitted.)

[2] *National Pharmaceutical Services, Inc v Harrison Community Hospital,* 67 Mich App 286; 241 NW2d 76 (1976), *lv den,* 397 Mich 824 (1976).

Macomb County. But, the bank with which the hospital does business has its main office in Detroit and does business in Macomb County by means of branch offices.

Thus, the garnishment of which plaintiff-appellee complains was issued out of the Wayne County Circuit Court on a Wayne County judgment against a Macomb County hospital seeking to tie-up funds deposited by the Macomb County hospital in a bank branch located in Macomb County. Service of the garnishment was made in Wayne County. The alleged injury to plaintiff arises out of improperly freezing the funds of a Macomb County hospital in a bank doing business in Macomb County.

I believe this is sufficient to bring plaintiff's cause of action under MCLA 600.1627; MSA 27A.1627.[3] At least "part of the cause of action arose" in Macomb County. As such, venue was properly laid in Macomb County.

Defendants'-appellants' further motion to disqualify the entire Macomb County circuit bench is totally and entirely without merit.

I would vote to affirm.

---

[3] *See, Davis v Frankenlust Twp,* 118 Mich 494; 76 NW 1045 (1898), as authority for the proposition that the case arose where the injury occurred.