TUTTLE v. EVERHOT HEATER CO.

1. CONFLICT OF LAWS—COURTS—HUSBAND AND WIFE—ESTATES BY
   ENTIRETIES—LAW GOVERNING TORT ACTION.
   Where action is brought in Michigan for damages to property
   located in New York owned by husband and wife jointly,
   their rights are governed by law of New York, but Michigan
   rules of procedure govern.

2. HUSBAND AND WIFE—INTERESTS IN ENTIRETY PROPERTY IN NEW
   YORK.
   In New York interests of husband and wife in entirety property
   are those of tenants in common with right of survivorship,
   and therefore each has separate cause of action for damage
   to real property.

3. ACTION—RIGHT OF ACTION FOR INJURY TO PERSON AND PROPERTY
   FROM SINGLE TORT.
   In Michigan, injury to person and property as result of single
   tort gives rise to single cause of action, but in New York two
   causes of action arise, one for injury to person and one for
   injury to property.

4. SAME—SPLITTING CAUSE OF ACTION.

Splitting cause of action consists in dividing single or indivisible cause of action into several parts or claims and bringing several actions thereon.

5. SAME—HUSBAND AND WIFE—ACTION FOR INJURY TO PERSON AND PROPERTY—SPLITTING CAUSE OF ACTION.

Where damage caused by single tort to real property located in New York owned by husband and wife by entireties also resulted in personal injury to wife, she had right of action therefor and husband had right of action for loss of her services and for expenses, and therefore they had right, in Michigan, to sue separately for their personal injuries and injury to their property and in so doing did not split their causes of action.

Appeal from Wayne; Warner (Glenn E.), J., presiding. Submitted January 12, 1933. (Docket No. 120, Calendar No. 36,844.) Decided June 29, 1933. Rehearing denied August 29, 1933.

Separate actions of case by Harris B. Tuttle and Olive Tuttle and a third action of case by plaintiffs jointly against Everhot Heater Company, a Michigan corporation, and another for damages alleged to be due to negligent construction of a gas heater manufactured and sold by defendants. On motion to dismiss each cause of action. From order granting motion as to joint action and denying it as to individual actions, both parties appeal. Reversed as to joint action, affirmed as to individual actions.

*Edward N. Barnard,* for plaintiffs.

*Warren, Hill & Hamblen (Charles E. Lewis* and *Austin Fleming,* of counsel), for defendants.

McDONALD, C. J. Harris B. Tuttle and Olive Tuttle are husband and wife. At the time the cause of action arose they were residing in Rochester, New

York, in a home the title to which they held by the entireties. Their household goods were owned jointly. An automatic gas heater manufactured and sold by the defendants was installed in their home. Early one morning the heater exploded, damaging the building and furniture and seriously injuring Mrs. Tuttle. On the theory that the heater was negligently constructed and functioned improperly, they brought three suits in the Wayne county circuit court to recover their damages. Mrs. Tuttle brought suit to recover for her personal injuries. Mr. Tuttle brought suit to recover for medical services to his wife and for loss of her services; and both joined in a suit to recover damages to the building and the furniture.

The defendants filed a motion to dismiss each of these three suits on the ground that damages to the real and personal property for which the third suit was brought can be recovered in the other two suits; that Olive Tuttle has a single cause of action for property damages and personal injuries; that Harris B. Tuttle has a single cause of action for property damages and loss of services of his wife; that the third or joint suit was unnecessary and is a violation of the law as to splitting causes of action, and, therefore, should be dismissed. The motion to dismiss the other suits is based on the claim that they were started simultaneously, and, therefore, mutually abate each other.

The circuit judge found that the suits were not started simultaneously and refused to dismiss the individual suits, but dismissed the joint suit on the ground that it split the causes of action.

The plaintiffs appealed from the judgment entered. The defendants cross-appealed in this suit against that part of the court's order whereby it

was found that the third suit was not begun simultaneously with the other two suits.

The damages which the plaintiffs seek to recover in these suits arose out of a single tort. The question is, Did it give rise to a single cause of action or to two causes of action? If the cause of action is single, it cannot be split and made the subject of several suits. If, as plaintiffs claim, they have two causes of action growing out of the tort, one for injury to the person and the other for injury to property, the joint suit can be maintained without splitting a cause of action. Their rights in this respect are governed by the laws of New York, where the property damaged is located. Under the laws of Michigan, there would be but a single cause of action for damages to entirety property. Neither party has any separate interest. Their interests are one. Neither can maintain a separate suit to recover damages for injury thereto. In New York the interests of husband and wife in entirety property are those of tenants in common with the right of survivorship. It follows that in New York a husband and wife have separate causes of actions for injuries to real property. *Mastrofrancisco* v. *Mohawk Gas Co.,* 201 App. Div. 586 (194 N. Y. Supp. 436); *Goodrich* v. *Village of Otego,* 216 N. Y. 112 (110 N. E. 162).

So in the instant case the plaintiffs have separate causes of action for property damages. But there is involved something more than damages to property. Mrs. Tuttle has a cause of action for personal injuries and Mr. Tuttle has a cause of action for loss of her services and for expenses. In Michigan, damages for injury to person and property as the result of a single tort give rise to but a single cause of action. In New York two causes of action arise, one for injuries to the person and one for injuries to

property. *Reilly* v. *Sicilian Asphalt Paving Co.*, 170 N. Y. 40 (62 N. E. 772, 57 L. R. A. 176, 88 Am. St. Rep. 636).

The New York civil practice act (1 Bliss N. Y. Ann. Code, § 484) provides that these causes of action may be united in one suit, but the provisions of the civil practice act are procedural and do not govern the practice in Michigan. The substantive law of New York gives the injured party two causes of action and that controls in this case. We know of no rule of procedure in Michigan which makes it mandatory for a party to combine different causes of action in one suit. In this case the plaintiffs had a right to sue separately for their personal injuries and their injuries to property. In doing so they did not split their causes of action. Splitting a cause of action consists in dividing a single or indivisible cause of action into several parts or claims and bringing several actions thereon. That was not done in this case. Under the laws of New York, where their interests are several, the plaintiffs have a right to maintain both causes of action by independent suits in this State.

The judgment of dismissal of the joint suit is reversed, with costs to the plaintiffs.

The judgment in respect to the individual suits is affirmed.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.