PEOPLE *v.* CONSUMERS POWER CO.

1. STATUTES—CONSTRUCTION OF PENAL STATUTE—RECOVERY.
   Statute awarding penalty is to be strictly construed, and before recovery may be had, case must be brought clearly within its terms.

2. SAME—CONSTRUCTION OF PENAL STATUTE.
   Although penal statutes are narrowly construed, such construction does not require rejection of that sense of the words which best harmonizes with the context and end in view.

3. SAME—AMBIGUITIES—LEGISLATIVE INTENT.
   In the absence of ambiguity in a penal statute, there is no room for reasoning as to legislative intent.

4. OFFICERS—ATTORNEY GENERAL—SUPREME COURT—STATES.
   The attorney general should prosecute and defend all actions in the Supreme Court in which the State is interested or is a party (1 Comp. Laws 1929, § 176).

5. VENUE—ACTS OF OMISSION AND COMMISSION—PENALTY.

Cause of action to collect penalty accrues at time and place of omission where penalty attaches to an omitted act or at the time and place of commission where penalty attaches to the doing of a forbidden act (3 Comp. Laws 1929, § 13997, as amended by Act No. 225, Pub. Acts 1931).

6. SAME—COUNTIES—WRONGFUL ACT.

For the purpose of venue a cause of action accrues in the county in which defendant's wrongful act was done if that be a different county than the one in which plaintiff's right of action accrues (3 Comp. Laws 1929, § 13997, as amended by Act No. 225, Pub. Acts 1931).

7. SAME—COUNTIES—STATUTORY PENALTY—UNAUTHORIZED PIPELINE CONSTRUCTION.

Jurisdiction to recover statutory penalty for unauthorized construction of a pipeline *held*, in circuit court of county in which such construction takes place rather than in county in which utility omitted to file map of route for approval by public utilities commission (Comp. Laws 1929, §§ 11640, 11646, 13997, as amended by Act No. 225, Pub. Acts 1931).

8. COSTS—PUBLIC QUESTION.

No costs are allowed on appeal from order dismissing action to collect statutory penalty, a public question being involved.

Appeal from Saginaw; Browne (Clarence M.), J. Submitted January 14, 1936. (Docket No. 68, Calendar No. 38,518.) Decided March 3, 1936.

Action by the People of the State of Michigan against the Consumers Power Company, a Maine corporation, to collect the penalty provided for in 2 Comp. Laws 1929, § 11646. Declaration dismissed. Plaintiff appeals. Reversed and remanded.

*David L. Perrot,* Prosecuting Attorney, for plaintiff.

*Weadock & Weadock* and *Bernard J. Onen (Stuart H. Redner,* of counsel), for defendant.

Bushnell, J.   This appeal is from an order dismissing plaintiff's declaration. Appellee accepts the people's statement of the question involved which is as follows:

"When a public utility corporation constructs a natural gas pipe line in and through Saginaw county, State of Michigan, without first having submitted to the Michigan public utilities commission accompanied by due application, a map or plat of such proposed line or lines which it desires to construct and securing the approval of said commission of said map, route or type of construction before proceeding with the actual construction of said transmission line, is Saginaw county the proper county in which to start proceedings to collect the penalty provided by statute for such action?"

The declaration states in part:

"3. That said Consumers Power Company unlawfully on or about the 22d day of August, A. D. 1934, in the county of Saginaw, State of Michigan, aforesaid, did construct transmission mains for the transportation of natural gas from the Broomfield pool, said transmission main consisting of 10-inch steel transmission line commencing at the governor house at the southeast corner of the town of Midland to the corner of Burrows and Maple streets in Saginaw and also construct 4,085 feet of 6-inch steel main from Burrows and Maple streets to Florence and Center streets in the city of Saginaw and also the necessary regulator and regulator house; said transmission mains passing in and through the townships of Tittabawassee, Kochville, Saginaw and the city of Saginaw, which said mains were intended and designated to transport gas which should move from its source in the State of Michigan to the locality or localities where said gas should be utilized, to-wit: The city of Saginaw and neighboring localities; and said Consumers Power Company did not prior to

said construction submit to the Michigan public utilities commission a map or plat of said proposed lines of any nature or kind whatsoever and did not first receive the approval of the said Michigan public utilities commission of any map, route or type of construction, but in violation of the laws of the State of Michigan, to-wit, 2 Comp. Laws 1929, § 11640, said Consumers Power Company did construct said gas main as aforesaid without obtaining the approval of the said Michigan public utilities commission of said transmission line.

"4. That by reason of the violation of the law as aforesaid the said Consumers Power Company became liable to the people of the State of Michigan for the penalty imposed by law and became indebted to the people of the State of Michigan in the sum of $20,000, as provided by section 11646."

The trial court accepted appellee's view of the statute that the cause of action did not arise or accrue in Saginaw county.

The penalty section (2 Comp. Laws 1929, § 11646) reads:

"Any corporation, association or person, violating any provision of this act, or any order or regulation of the commission made pursuant thereto, shall be deemed guilty of an unlawful act and shall be liable" etc.

Section 13997 of 3 Comp. Laws 1929, as amended by Act No. 225, Pub. Acts 1931, is chap. 10, § 1 of the judicature act (Act No. 314, Pub. Acts 1915), as amended, is entitled: "Place for commencement of actions and change of venue." It antedated section 11646, which is a part of Act No. 9, Pub. Acts 1929, which repealed Act No. 29, Pub. Acts 1889, and reads in part (subdivision 9):

"Every action for any penalty or for forfeiture shall be commenced and tried in the county where

the act was done, or where the act omitted was required, in whole or in part to be done, upon which the penalty or forfeiture attached.''

''A statute awarding a penalty is to be strictly construed, and, before a recovery can be had, the case must be brought clearly within its terms.'' *Goetz* v. *Black,* 256 Mich. 564 (84 A. L. R. 802).

''And while penal statutes are narrowly construed, this does not require rejection of that sense of the words which best harmonizes with the context and the end in view. *United States* v. *Hartwell,* 6 Wall. (73 U. S.) 385, 395; *Johnson* v. *Southern Pacific Co.,* 196 U. S. 1, 17, 18 (25 Sup. Ct. 158); *United States* v. *Bitty,* 208 U. S. 393, 402 (28 Sup. Ct. 396); *United States* v. *Mescall,* 215 U. S. 26, 31, 32 (30 Sup. Ct. 19).'' *Gooch* v. *United States,* 297 U. S. 124 (56 Sup. Ct. 395).

In the absence of ambiguity in a penal statute, there is no room for reasoning as to the intention of the legislature. *State* v. *Anheuser-Busch Brewing Co.,* 186 Ind. 701 (116 N. E. 425); and *State* v. *Terre Haute Brewing Co.,* 186 Ind. 248 (115 N. E. 772).

Defendant is required under section 11640 to submit an application in certain form to the commission and secure its approval before proceeding with actual construction. The approval might emanate from the commission in Ingham county, but the actual construction might be anywhere in the State of Michigan and in this instance was in Saginaw county. The violation of the requirements of the statute as presented in this appeal embraces a passive act, the non-filing, and an overt act, the unauthorized construction. The penalty is not for fail-

ing to file the application, etc., but for actually constructing without filing the application. The act that invokes the penalty is construction before the commission has authorized such action after an appropriate investigation, the penalty attaching to the unauthorized construction. The title of the act (2 Comp. Laws 1929, § 11632 *et seq.*) reads: "An act to regulate," etc., and thereby the legislature has provided for the regulation of the construction and operation of gas lines through the Michigan public utilities commission.

Although the question is not raised by the appeal and therefore we do not pass upon it, it is proper to call attention to the provisions of 1 Comp. Laws 1929, § 176:

"The attorney general shall prosecute and defend all actions in the Supreme Court, in which the State shall be interested, or a party," etc.

Appellee cites authorities dealing with actions against a corporation located in one county which failed to file reports, as required by law, with a State officer whose office is located in another county. These are not in point, because in such cases the penalty attached to the omitted act. Such causes of action accrue at the time of the omission and consequently the venue is the place of omission. The case at bar falls within the italicized words of the rule stated in *Hibernia National Bank* v. *LaCombe,* 84 N. Y. 367 (38 Am. Rep. 518):

"The cause of action arises when that is not done which ought to have been done; *or that is done which ought not to have been done.* But the time when the cause of action arises determines, also, the place where it arises, when that occurs which is the

cause of action the place where it occurs is the place where the cause of action arises."

See, also, *Durham* v. *Spence,* 6 L. R. Ex. 46 (23 L. T. 500).

The act in this instance "was done" when the act was actually completed in Saginaw county, *i. e.,* "proceeding with the actual construction."

Construction without approval is the thing that was done which ought not to have been done.

"Where the two essential factors of the cause of action, namely, the right of plaintiff and the act or omission on the part of the defendant, occur in different counties, the cause of action accrues in the county in which defendant's wrongful act was done." 67 C. J. p. 95.

"For the purpose of venue, a cause of action is composed of, first, 'the primary right of plaintiff,' and, second, 'the act or omission on the part of defendant without which there would be no cause of action or right of recovery against him.' 40 Cyc. p. 82. 'If these two factors occur in different counties, the complete accrual of the cause is only in the county in which defendant's wrongful act was done.' 40 Cyc. p. 83." *Kalberg* v. *Greiner,* 91 Mont. 509 (8 Pac. [2d] 799).

The mandatory words of section 11640 are: "shall first receive the approval of the commission of such map, route, and type of construction of such transmission lines." Defendant could comply with the statutory mandate at any time before actual construction was commenced; after that, it could not. The time of the unauthorized construction determined the place where the violation of the statute occurred. 67 C. J. p. 95.

The circuit court of Saginaw county has jurisdiction in the matter. Plaintiff's declaration was

erroneously dismissed. The trial court's order is vacated and the cause is remanded for further proceedings.

This being a public question, no costs will be allowed.

NORTH, C. J., and FEAD, WIEST, BUTZEL, EDWARD M. SHARPE, and POTTER, JJ., concurred. TOY, J., did not sit.