CATANESE v HEGGEN

Docket No. 45366. Submitted November 5, 1981, at Detroit.—Decided
April 21, 1982.

Carl A. Catanese, special administrator of the estate of Barbara
A. Catanese, deceased, brought a wrongful death action against
Donald M. Heggen, M.D., and William Beaumont Hospital in
the Wayne Circuit Court. Defendants are residents of or situ-
ated in Oakland County. The acts alleged to constitute the
cause of action occurred in Oakland County. Plaintiff's dece-
dent died in Wayne County. The court, Roman S. Gribbs, J.,
granted a change of venue to Oakland County, holding that
venue was improperly laid. Plaintiff appealed. *Held:*

Venue was properly laid in Wayne County and the court
clearly erred in its holding.

Order vacated and case remanded.

BEASLEY, J., dissented. Since the wrongful death statute does
not contain a specific venue provision, the general venue stat-
utes control the correct forum for a wrongful death action. The
fact that a plaintiff's decedent dies in one county does not, ipso
facto, make that county a proper forum for a wrongful death
action.

OPINION OF THE COURT

1. VENUE — WRONGFUL DEATH.
   Venue in a wrongful death action may be properly laid in the
   county where the death occurred.

2. APPEAL — VENUE.
   The Court of Appeals reviews decisions involving claims that
   venue was not properly laid to determine whether the trial
   court clearly erred in ruling that venue was properly or im-
   properly laid.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 22 Am Jur 2d, Death § 189.
Venue of wrongful death action. 36 ALR2d 1146.
[2] 4 Am Jur 2d, Appeal and Error § 89.
77 Am Jur 2d, Venue § 85.

Dissent by Beasley, J.

3. Venue — Wrongful Death.

The fact of a plaintiff's decedent's death in the county does not, ipso facto, make that county a proper venue for a wrongful death action.

*Ripple, Chambers & Steiner, P.C.* (by *Courtney E. Morgan*), for plaintiff.

*Sullivan, Ranger, Ward & Bone,* for defendant William Beaumont Hospital.

Before: J. H. Gillis, P.J., and Beasley and P. E. Deegan,* JJ.

P. E. Deegan, J. This appeal arises from a wrongful death action filed in Wayne County. The trial court granted defendants' motion for a change of venue based on a claim that venue was improperly laid.

Plaintiff's decedent, a resident of Macomb County, was under the care and treatment of defendants, who, for purposes of venue, reside in Oakland County. Deterioration of the condition of plaintiff's decedent eventually led to her hospitalization at Harper Hospital, located in Wayne County. Plaintiff's decedent expired while a patient in Harper Hospital. Thereafter, plaintiff commenced this action for wrongful death claiming damages for defendants' failure to properly diagnose and treat plaintiff's decedent, who was afflicted with leukemia.

The question we are called upon to decide is whether, in a wrongful death action, venue properly lies in the county where the death occurred or in the county where the alleged underlying medical malpractice took place.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MCL 600.1627; MSA 27A.1627 provides that venue is properly laid in that county in which "all or a part of the cause of action arose".

Defendant hospital contends that venue was not proper in Wayne County because a wrongful death action is wholly derivative, thus placing venue properly only where the deceased would have been able to bring the action on the injury had she not died, in Oakland County, where the underlying malpractice claim arose. We disagree.

An action for wrongful death is derivative in that the representative of the deceased stands in the latter's shoes. *Toth v Goree*, 65 Mich App 296; 237 NW2d 297 (1975). The wrongful death statute, MCL 600.2922; MSA 27A.2922, establishes that liability for wrongful death attaches to those who would have been liable if death had not ensued.

The concept of a wrongful death action being wholly derivative, in the sense that defendant hospital urges, has only been applied in analyzing the substantive nature of the underlying claim. Thus in *Maiuri v Sinacola Construction Co*, 382 Mich 391; 170 NW2d 27 (1969), the Court held that, because decedent would have been barred from an action for injuries resulting in death because of the exclusive remedy provisions of the then-titled workmen's compensation act, decedent's personal representative was also bound to that exclusive remedy and could not properly bring an action for wrongful death. See also *Toth v Goree, supra,* 298.

In resolving procedural issues, however, an action for wrongful death is considered to be a new and special remedy. In *Coury v General Motors Corp*, 376 Mich 248; 137 NW2d 134 (1965), involving the question of when the statute of limitations begins running in a wrongful death action, the

Court held that the cause of action for a wrongful death, and the damages resulting therefrom, accrues when that death occurs. The Court stated:

"In *Ford v Maney's Estate*, 251 Mich 461 [232 NW 393] (70 ALR 1315) [1930], the action was under the so-called survival statute. In distinguishing between the 2 acts, the Court made the observation that:

" 'In this State it is held that the death act created a cause of action unknown to the common law, not by way of survival of a right accruing to the deceased which before had abated at this death, but as a new and special remedy accruing to those who suffer loss by the death.' " 376 Mich 248, 251.

In *Rhule v Armstrong*, 384 Mich 709, 713-714; 187 NW2d 223 (1971), another opinion construing the operation of the statute of limitations under the wrongful death act, the Court noted that since 1939 the wrongful death act has stipulated that all actions for death or injuries resulting in death must be brought under the wrongful death act. While recognizing that the fact which gives rise to the wrongful death action is the wrongful injury to the decedent which causes his death either immediately or thereafter, the Court held that:

"The wrongful death act action is an independent action which arises solely on the date of and because of the wrongfully injured person's death. It does not 'survive by law' the wrongfully injured person's death." *Id.*, 715-716.

This Court has recently decided two cases involving wrongful death actions based on medical malpractice and statutes of limitation. In *Palmertree v Genesee Memorial Hospital*, 102 Mich App 683; 302 NW2d 279 (1981), this Court held:

"Given the identity of the persons who may recover in a wrongful death suit and the nature of the damages which are assessed therein, it is generally held that a wrongful death cause of action does not accrue until the death occurs. *Coury v General Motors Corp,* 376 Mich 248, 251; 137 NW2d 134 (1965). Likewise, in wrongful death cases which are grounded on medical malpractice, regardless of when the malpractice cause of action accrues, the wrongful death plaintiff's cause of action could not accrue until death occurred. See, *e.g., Weiss v Bigman,* 84 Mich App 487, 496; 270 NW2d 5 (1978), *lv den* 405 Mich 820 (1979) (CAVANAGH, J., *concurring separately).* Were it otherwise, the personal representative of the decedent (by whom the suit must be brought) would have to be prescient, or the suit would be barred in cases where the limitation period runs before death occurs." (Footnote omitted.) *Id.,* 687-688.

In *Penner v Seaway Hospital,* 102 Mich App 697; 302 NW2d 285 (1981), the Court held that a cause of action for wrongful death accrues on the date of death and that the medical malpractice two-year limitations period applies. *Weiss v Bigman,* 84 Mich App 487; 270 NW2d 5 (1978) (CAVANAGH, J., *concurring), lv den* 405 Mich 820 (1979), *Olijnyk v Harrison Community Hospital, Inc,* 80 Mich App 366; 263 NW2d 33 (1977), *lv den* 402 Mich 922 (1978), *Castle v Lockwood-MacDonald Hospital,* 40 Mich App 597; 199 NW2d 252 (1972). In reaching its decision the Court stated:

"In effect, death is not only a necessary element of the cause of action but also a necessary condition precedent to the representative's right to bring suit. *In re Olney's Estate,* 309 Mich 65, 75-78; 14 NW2d 574 (1944). See also *Rhule, supra,* 715-716." 102 Mich App 697, 702.

In light of the holding in *Rhule* and the subsequent decisions of this Court establishing that for

procedural purposes death is a necessary element of the wrongful death cause of action, without which the cause does not accrue, we hold that venue in the instant case was properly laid in Wayne County where decedent expired because that is where "all or a part of the cause of action arose". MCL 600.1627; MSA 27A.1627.

For the same reason venue would also have been properly laid in Oakland County, where the malpractice "part" of the cause of action arose, had plaintiff originally brought the action there or had defendant hospital brought its motion for change of venue on the proper grounds.

In cases involving claims that venue was not properly laid, this Court must review the lower court's decision in order to determine whether that court clearly erred in ruling that venue was properly or improperly laid. *Shock Bros, Inc v Morbark Industries, Inc,* 411 Mich 696, 698-699; 311 NW2d 722 (1981).

In the instant case, because venue had been properly laid in Wayne County, where plaintiff brought the action, the trial court clearly erred in issuing its order for change of venue improperly laid.

The order changing venue is vacated and the cause remanded to the Wayne County Circuit Court for further proceedings.

J. H. Gillis, P.J., concurred.

Beasley, J. *(dissenting)*. I respectfully dissent.

In this medical malpractice action, both defendants either reside in or are established in Oakland County, and the alleged acts of malpractice arose in Oakland County. In wrongful death cases,

the general rule for the determination of venue is that the action may be instituted in conformity with the venue statute governing personal injury actions. An exception to the general rule is where a state's wrongful death statute specifically contains a venue provision. Supporting these conclusions are the following authorities:

"In the absence of a venue statute specifically applicable to actions to recover for wrongful death, or where a particular wrongful death case lacks characteristics making some other specific venue statute applicable, it would seem to be the general rule that a wrongful death action is properly brought if, and only if, it is in accordance with the provision of the statute dealing with the venue of civil actions generally." (Footnote omitted.) Anno: *Venue of wrongful death actions,* 36 ALR2d 1146, 1150.

"The form of the action for wrongful death is sometimes expressly provided for by the statute giving the right of action. In the absence of such a provision, the action should, it has been said, be tried in the same manner and be governed by the same general principles of practice as it would have been if the injured person had not died and was suing to recover damages for the wrongful act.

"If there is a venue statute specifically applicable to actions for wrongful death, then, of course, proper venue requires compliance with such statutory provision. But absent any venue statute specifically applicable to an action for wrongful death, it seems that the action may be brought wherever the defendant may be, in accordance with the venue statute governing actions for personal injuries or civil actions generally, unless the defendant is one as to whom there is a specifically applicable venue statute, such as a corporation, a receiver of a corporation, or a carrier, in which case the statutes setting out the venue of actions against corporations, receivers of corporations, and carriers, respectively, control." (Footnotes omitted.) 22 Am Jur 2d, Death, § 189, p 741.

In *Cottengim's Administrator v Adams' Administratrix,*[1] the Kentucky Court of Appeals stated:

"There could be no possible reason for the Legislature to make a distinction in the venue of the two actions both of which grow out of the same state of facts which affect directly the same victim. We think the Legislature in § 74 in making the venue local in a personal injury action and limiting it to 'the county in which the defendant resides, or in which the injury is done' certainly intended to include death as well as personal injury in the phrase 'in which the injury is done'."

Our wrongful death statute[2] does not contain a specific venue provision. Therefore, the general venue statutes control the proper forum for this action. Oakland County, where the defendants are respectively resident and established and where the alleged malpractice occurred, is where venue is properly laid.[3] The fact that plaintiff's decedent died in Wayne County does not, ipso facto, make Wayne County a proper forum for the action. Venue was not properly laid in Wayne County.[4]

I would hold that the trial court did not clearly err in granting defendants' motion for change of venue.[5] Therefore, I would vote to affirm the trial court's ruling.

---

[1] 255 SW2d 637, 638; 36 ALR2d 1142, 1144 (Ky App, 1953). See also *A-1 Truck Service, Inc v Kivenas,* 371 So 2d 495 (Fla App, 1979), *Nagy v Swann,* 56 Ohio Misc 33; 10 Ohio Ops 3d 69 (Common Pleas, 1978).

[2] MCL 600.2922; MSA 27A.2922.

[3] MCL 600.1621; MSA 27A.1621, MCL 600.1627; MSA 27A.1627, *Hunter v Doe,* 61 Mich App 465, 467; 233 NW2d 39 (1975).

[4] *Id.*

[5] *Shock Bros, Inc v Morbark Industries, Inc,* 411 Mich 696, 699; 311 NW2d 722 (1981).