ANTHONY v FORGRAVE

Docket No. 59455. Submitted February 2, 1983, at Detroit.—Decided June 21, 1983. Leave to appeal denied, 418 Mich __.

Plaintiff, James Anthony, administrator of the estate of his deceased daughter, Leah Anthony, brought an action in the Wayne Circuit Court against Dr. Edward G. Forgrave and Northwest Pediatrics, P.C., alleging negligent diagnosis and treatment and seeking damages for the wrongful death of Leah Anthony. The action was based on allegedly negligent advice given by Dr. Forgrave to the plaintiff's wife. Such advice was given over the telephone when Mrs. Anthony placed a call from the Anthony's home in Wayne County to the defendant professional corporation's office located in Oakland County. The corporation's answering service connected Mrs. Anthony with Dr. Forgrave who was in Oakland County. Dr. Forgrave's residence is also in Oakland County. The trial court, Carl F. Ingraham, J., granted an order changing venue to Oakland County after it found that plaintiff's claim arose wholly in Oakland County. Plaintiff appeals, by leave granted, from that order. *Held:*

1. The trial court clearly erred in ruling that venue was improperly laid in Wayne County and in granting defendant's motion for change of venue improperly laid.

2. Venue is determined in a wrongful death action through application of the venue statutes governing personal injury actions; the focus is on the cause of action which underlies the wrongful death claim.

3. Plaintiff's claim for medical malpractice arose wholly in Wayne County. While the doctor was speaking from Oakland County when he communicated his advice to the plaintiff's wife

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 496.
   77 Am Jur 2d, Venue § 85.
   Prohibition or mandamus as appropriate remedy to review ruling on change of venue in civil case. 93 ALR2d 802.
[2] 22 Am Jur 2d, Death § 189.
   Venue of wrongful death action. 36 ALR2d 1146.
[3, 4] 77 Am Jur 2d, Venue §§ 15, 16.

in Wayne County, his words were of no effect until that communication was made. The fact that the advice was given over the telephone did not remove its essential character as being rendered in Wayne County. Venue was properly laid in Wayne County.

The order changing venue is vacated and the cause remanded to Wayne Circuit Court for further proceedings.

BEASLEY, J., concurred in the result except that he believes that where a tort is based on advice given on the telephone venue may lie in either the locus of the caller or the locus of the receiver. He would hold that venue lies in either Wayne or Oakland County in this case and that the action was properly commenced in Wayne County as venue had been properly laid in that county.

### OPINION OF THE COURT

1. APPEAL — VENUE — CHANGE OF VENUE IMPROPERLY LAID.

The Court of Appeals, in reviewing a trial court's decision to grant a party's motion for change of venue improperly laid, must determine if the court clearly erred in ruling that venue was improperly laid.

2. VENUE — WRONGFUL DEATH.

Venue is determined in a wrongful death action through application of the venue statutes governing personal injury actions; the focus is on the cause of action which underlies the wrongful death claim.

3. VENUE — MEDICAL MALPRACTICE — TELECOMMUNICATIONS.

Venue for a claim for medical malpractice, based on advice communicated in a telephone conversation which originated when the plaintiff placed a call from his home in one county to the defendant doctor in another county, is properly laid in the plaintiff's county since the allegedly negligent advice is communicated to the plaintiff in the plaintiff's county; the doctor's words are of no effect until such communication is made and the fact that the advice is given over the telephone does not remove its essential character from being rendered in the plaintiff's county.

### CONCURRENCE IN RESULT BY BEASLEY, J.

4. VENUE — TORTS — TELECOMMUNICATIONS.

*Venue may lie in either the locus of the caller or the locus of the receiver where a tort is based on advice given on the telephone.*

*Goodman, Eden, Millender & Bedrosian* (by *William H. Goodman*), for plaintiff.

*Kerr, Russell & Weber* (by *Patrick McLain*), for defendants.

Before: D. F. WALSH, P.J., and BEASLEY and T. R. THOMAS,* JJ.

D. F. WALSH, P.J. Plaintiff, James Anthony, administrator of the estate of his deceased daughter, Leah Anthony, appeals by leave granted from the Wayne County Circuit Court's order changing venue to Oakland County. The court found that plaintiff's claim arose wholly in Oakland County. MCL 600.1627; MSA 27A.1627. Finding that venue had been improperly laid in Wayne County, the court granted the motion of defendants Dr. Edward G. Forgrave and Northwest Pediatrics, P.C., for a change of venue. GCR 1963, 404.[1]

According to plaintiff, his three-year-old daughter Leah became very ill during the night of July 14-15, 1980. In the early morning hours of July 15, plaintiff's wife made a telephone call from the Anthony family's Wayne County home to defendant Northwest Pediatrics, defendant Forgrave's professional corporation. The corporation's offices are in Oakland County, as is Dr. Forgrave's residence. The corporation's answering service connected Mrs. Anthony with Dr. Forgrave, who was in Oakland County. She described Leah's condition to the doctor, who advised that the child be treated with aspirin and sponge baths. He also

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] It is not disputed that plaintiff's sole possible avenue for establishing venue in Wayne County is MCL 600.1627; MSA 27A.1627. Under MCL 600.1621; MSA 27A.1621, only Oakland County would be a proper situs for this action since that is where Dr. Forgrave resides and conducts his business.

advised Mrs. Anthony not to take Leah to the hospital unless the child began to choke. Plaintiff and his wife continued to observe Leah periodically throughout the night. They found her dead at 8 a.m. Alleging negligent diagnosis and treatment, plaintiff seeks damages from defendants for the wrongful death of his daughter.

In their motion to change venue improperly laid, defendants argued that plaintiff's complaint established that the alleged malpractice occurred only in Oakland County. The trial court agreed, ruling that "the cause of action arose when Dr. Forgraves *[sic]* gave the advice which was in Oakland County".

In reviewing the circuit court's decision, we must determine if the court clearly erred in ruling that venue was improperly laid. *Shock Bros, Inc v Morbark Industries, Inc,* 411 Mich 696; 311 NW2d 722 (1981). We find that the court clearly erred.

MCL 600.1627; MSA 27A.1627 provides in pertinent part that, "the county in which all or a part of the cause of action arose is a proper county in which to commence and try the action".

In the wrongful death case of *Catanese v Heggen,* 115 Mich App 301; 320 NW2d 351 (1982), the majority concluded that venue had been properly laid in Wayne County, where the death had occurred, since death was a necessary "part" of the wrongful death cause of action. The majority observed that venue would have also been properly laid in Oakland County, where the underlying medical malpractice had taken place, since the malpractice was also "part" of the cause of action. In dissent, Judge BEASLEY noted the general rule that, absent a specific statute governing wrongful death actions, venue in such actions is determined according to the venue statutes governing personal

injury actions. Venue is to be laid according to the principles which would have governed if the injured person had not died and was suing to recover damages for the wrongful conduct. Anno: *Venue of Wrongful Death Action,* 36 ALR2d 1146; 22 Am Jur 2d, Death, § 189, p 741. Pursuant to MCL 600.1621; MSA 27A.1621, and MCL 600.1627; MSA 27A.1627, venue was properly laid, according to Judge BEASLEY, only in Oakland County—the defendants' place of residence and business, and the situs of the alleged negligent diagnosis and treatment.

In our judgment, Judge BEASLEY's dissent is the better reasoned and more persuasive approach. We hold that, in a wrongful death action, venue is determined through application of the venue statutes governing personal injury actions; focus is on the cause of action which underlies the wrongful death claim. For purposes of this appeal, therefore, we must determine if all or part of plaintiff's claim for medical malpractice arose in Wayne County. MCL 600.1627; MSA 27A.1627.[2]

In *Harshberger v Reliable-Aire, Inc,* 619 SW2d 478 (Tex Civ App, 1981), the Texas court affirmed the denial of the defendants' request for a change of venue. The plaintiff alleged the defendants' tortious interference with its business relations and conspiracy to restrain trade. After finding that a telephone call from the individual defendant to the plaintiff's agents constituted a part of each of

[2] In support of their motion for a change of venue, defendants cited dictum in *People v Consumers Power Co,* 275 Mich 86, 92; 265 NW 785 (1936), for the proposition that the situs of the wrongful act, not the situs of the injury, governs the determination of venue. We need not determine the validity of that dictum since we conclude, *infra,* that the wrongful act in this case occurred in Wayne County. For a critical commentary on the *Consumers Power* dictum, see 32 Michigan Compiled Laws Annotated, Practice Commentary to MCL 600.1627, by Carl S. Hawkins, pp 620-621.

the plaintiff's causes of action, the court found that venue had been properly laid in the county where the plaintiff's agents had been located at the time of the telephone call:

"As authority for their argument, defendants cite to this Court numerous cases holding that in a contract action, the location of the speaker when the contract was accepted is controlling for venue purposes. * * *

"In opposition plaintiff cites authority holding that a fraud cause of action takes place for venue purposes in the county where the words are heard by the person defrauded. * * *

"The present case, an action in tort, both common law and statutory, is more closely analogous to the rules applicable to fraud cases than to the rules applicable to contract cases. It is true that Harshberger was speaking from Nueces County, but his voice was heard in Cameron County, and his ultimatum was communicated to plaintiff in Cameron County. We are of the opinion that part of both the common law and statutory torts were committed in Cameron County. Direct authority for this conclusion is *Hayter v Hudgens,* 236 SW 232, 234 (Tex Civ App—Texarkana 1921, no writ), where the court held that a defendant speaking over the telephone from Nacogdoches County to the plaintiff in Rusk County committed fraud in Rusk County. The court stated: 'We do not see that the fact that the offer was made by Hayter (defendant) over the telephone made it any less an offer to appellee in Rusk County than it would have been if Hayter had gone in person to Rusk County and there made it to appellee.'

"In the present case, the effect of the words spoken by Harshberger were not complete until they were communicated to plaintiff in Cameron County. * * *

"It would have made no difference if the words had been uttered in person by Harshberger to plaintiff in Cameron County. The location of the listener fixes venue as a matter of law in the present case." 619 SW2d 482. (Citations omitted.)

We are persuaded that the *Harshberger* court's analysis applies to the instant facts and that plaintiff's claim for medical malpractice arose wholly in Wayne County. While Dr. Forgrave was speaking from Oakland County, his advice was communicated to Mrs. Anthony in Wayne County. His words were of no effect until that communication was made. The fact that the advice was given over the telephone did not remove its essential character as being rendered in Wayne County.

We hold that the circuit court clearly erred in granting defendants' motion for change of venue improperly laid. GCR 1963, 404. Plaintiff's claim arose in Wayne County; venue was, therefore, properly laid in Wayne County under MCL 600.1627; MSA 27A.1627.[3]

The order changing venue is vacated; this cause is remanded to Wayne County Circuit Court for further proceedings.

T. R. THOMAS, J., concurred.

BEASLEY, J. *(concurring in result).* Venue was changed from Wayne County to Oakland County on the basis that the trial court believed plaintiff's claim arose *wholly* in Oakland County. The majority reverse, holding that the cause of action arose *wholly* in Wayne County.

I concur in the analysis of the majority, except I believe that where a tort is based on advice given on the telephone, venue may be found in either the locus of the caller or the locus of the receiver. This means that in this case, venue was proper in

---

[3] Upon a proper showing of inconvenience, defendants may seek change of venue properly laid. GCR 1963, 403. We also note that venue would have been properly laid in Oakland County, not under MCL 600.1627; MSA 27A.1627, but under MCL 600.1621; MSA 27A.1621. See fn 1 *supra.*

either Wayne County, where the parent of the deceased child placed the call, or Oakland County, where the doctor on the telephone made the allegedly negligent diagnosis. Under these circumstances, I would believe that plaintiff's action was properly commenced in Wayne County, as venue had been properly laid in that county.

Thus, I would conclude that the action of the Wayne Circuit Court in switching venue to Oakland County was erroneous. Consequently, I concur in the result reached by the majority, namely, that the order changing venue should be vacated and the cause remanded to Wayne County Circuit Court for further proceedings, but for a different reason than that indicated by the majority.