MARSH v WALTER L COUSE AND COMPANY

Docket No. 103704. Submitted April 11, 1989, at Detroit. Decided
    August 8, 1989. Leave to appeal applied for.

    William Marsh, a carpenter employed by the Edrick M. Owen
    Company, was injured in a construction accident at Brighton
    High School, located in Livingston County. Walter L. Couse and
    Company was the general contractor involved in the design and
    construction of the renovations at the school. Walter L. Couse
    and Company is located in Wayne County. William and Violet
    Marsh filed a negligence action against Walter L. Couse and
    Company in Wayne Circuit Court. Defendant filed a motion for
    change of venue to Livingston Circuit Court on the basis that
    William Marsh was injured in Livingston County and defen-
    dant conducts business there. Defendant also contended that
    venue was improper in Wayne County. The court, Marvin R.
    Stempien, J., concluded that plaintiffs' action could have been
    properly filed in either Wayne County or Livingston County
    and denied defendant's motion, stating that plaintiffs' cause of
    action could have arisen, in part, in Wayne County and, there-
    fore, venue was proper there. Defendant appealed.

    The Court of Appeals *held:*

    The trial court clearly erred in ruling that venue was proper
    in Wayne County. The evidence before the trial court estab-
    lished only that defendant is located in Wayne County, con-
    ducts business in both Wayne County and Livingston County,
    and that plaintiffs' cause of action arose entirely in Livingston
    County. The court erred in denying defendant's motion for a
    change of venue.

    Reversed.

1. VENUE — CHANGE OF VENUE — CIVIL ACTIONS.

    The trial court in a civil action in which venue is improper shall
    order a change of venue on timely motion of a defendant or on
    its own initiative; the action may be transferred only to a

REFERENCES

Am Jur 2d, Venue §§ 15, 16, 29, 30, 32, 63, 79, 82, 90.
See the Index to Annotations under Change of Venue; Presump-
tions and Burden of Proof; Venue.

county in which venue would have been proper (MCR 2.223[A], 2.224[B][2]).

2. VENUE — CHANGE OF VENUE — APPEAL.

The Court of Appeals in reviewing a trial court's decision to grant or deny a change of venue must determine whether the trial court clearly erred in its finding of proper or improper venue, not whether it abused its discretion; if venue is improperly laid, the court has no discretion to refuse to transfer the case.

3. VENUE — BURDEN OF PROOF.

Venue is properly laid in a county where all or a part of the cause of action arose and the defendant either resides, has a place of business, or conducts business or, in the case of a corporate defendant, has a registered office; where a challenge to venue has been raised by a defendant, the burden is on the plaintiff to establish that the county he chose is a proper venue (MCL 600.1629[1][a]; MSA 27A.1629[1][a], MCR 2.223).

*Garrett & Rogers, P.C.* (by *Jon R. Garrett*), for plaintiffs.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Janet G. Callahan*), for defendant.

Before: MACKENZIE, P.J., and HOOD and BRENNAN, JJ.

BRENNAN, J. In this negligence action, defendant, Walter L. Couse and Company, appeals by leave granted from the trial court's order denying its motion for change of venue improperly laid. We reverse.

In their complaint, plaintiffs allege that William Marsh, a carpenter employed by the Edrick M. Owen Company, was injured in a construction accident at the Brighton High School, located in Livingston County. Defendant was the general contractor involved in the design and construction of the renovations at the school. Defendant is located within Wayne County, Michigan. Plaintiffs

allege that defendant breached the following duties of care:

a) Failed to provide adequate safety measures and supervision over the work being performed;

b) Failed to properly schedule the work and the work sequence so as to cause a dangerous condition for workmen on the job, including William Marsh;

c) Delegated inherently dangerous activities to others without taking reasonable and established safety precautions to minimize the dangers.

d) Permitted contractors on the job to follow unsafe and careless work practices and procedures;

e) Failed to take appropriate steps and safety measures in light of their retained control and supervision over the project;

f) Failed to supply the Plaintiff with a safe place in which to work;

g) Failed to warn workmen of the hazards created by defective scaffolding.

Defendant filed a motion for change of venue at the time it filed its answer. Defendant argued that the cause of action arose in Livingston County because plaintiff was injured there and it conducts business there. Defendant contended that under MCL 600.1629(1)(a); MSA 27A.1629(1)(a) venue was improper in Wayne County.

The trial court concluded that plaintiffs' suit could have been properly filed in either Wayne County or Livingston County. It denied defendant's motion, stating that plaintiffs' cause of action "could have arisen, in part," in Wayne County and, therefore, venue is proper there.

Defendant argues that the trial court erred in denying its motion for change of venue because plaintiffs' cause of action arose in Livingston County and defendant conducts business there.

Defendant contends that venue is improper in Wayne County. We agree.

Although defendant does not identify the court rule upon which its motion was based, a motion for venue improperly laid in a tort action is governed by MCR 2.223 and MCR 2.224. Thus, we will analyze the issue presented in this case under those rules.

If venue in a civil action is improper, the trial court shall order a change of venue on timely motion of a defendant or on its own initiative. MCR 2.223(A). The action may be transferred only to a county in which venue would have been proper. MCR 2.224(B)(2). In this case, defendant timely filed a motion to change venue. We review the trial court's decision to determine if the court clearly erred in ruling that venue was proper in Wayne County. *Shock Bros, Inc v Morbark Industries, Inc,* 411 Mich 696, 698-699; 311 NW2d 722 (1981). Our review of the record convinces us that the trial court clearly erred.

MCL 600.1629(1)(a); MSA 27A.1629(1)(a) provides:

> A county in which all or a part of the cause of action arose and in which either of the following apply is a proper county in which to commence and try the action:
>
> (i) The defendant resides, has a place of business, or conducts business in that county.
>
> (ii) The registered office of a defendant corporation is located in that county.

The primary concern is that venue should first be proper in the county where all or a part of the cause of action arose. 2 Martin, Dean & Webster, Michigan Court Rules Practice (1988 Cum Supp), p 9.

When a challenge to venue has been raised by a defendant under MCR 2.223, the burden is on the plaintiff to establish that the county he chose is a proper venue. See 15 Wright, Miller & Cooper, Federal Practice & Procedure, Jurisdiction & Related Matters, 2d, § 3826, p 259. In response to the motion, plaintiffs argued that the plans and drawings were prepared by defendant in Wayne County and could include diagrams and specifications for the scaffolding from which plaintiff fell. Thus, plaintiffs argued, some of defendant's negligent acts could have occurred at the time the plans were drawn, making venue proper in Wayne County. The trial court accepted plaintiffs' argument and found that venue was proper in Wayne County.

However, plaintiffs failed to provide the trial court with any credible factual evidence to establish that venue is proper in Wayne County. Their argument was based upon pure speculation. The evidence before the trial court established only that defendant is located in Wayne County, conducts business in both Wayne County and Livingston County, and that plaintiffs' cause of action arose entirely in Livingston County.

We are not unmindful that a motion for change of venue is generally raised before meaningful discovery has taken place. However, plaintiff must determine which county is proper for venue purposes before the complaint is filed on the basis of facts then known to him. When called upon to defend his choice of venue, the plaintiff must present at least those facts to the trial court. It is not proper for the plaintiff to file suit hoping that facts supporting his choice of venue will turn up during discovery. The choice of venue must be based on fact, not speculation.

Reversed.