LORENCZ v FORD MOTOR COMPANY

GROSS v FORD MOTOR COMPANY

Docket Nos. 118349, 118361. Submitted November 13, 1990, at Detroit. Decided January 22, 1991, at 9:05 A.M. Leave to appeal sought.

Julius J. Lorencz and Kathy Lorencz, for themselves and as next friends of Nicholas A. Lorencz, a minor, brought a product liability action in the Wayne Circuit Court against the Ford Motor Company, seeking damages for injuries sustained in Gratiot County in a one-car accident involving a Ford automobile allegedly designed and manufactured in Wayne County. The court, Marvin R. Stempien, J., denied a motion by the defendant for a change of venue to Gratiot County. The defendant appealed by leave granted.

Frances and Laverne Gross, who sustained injuries in the same accident, also brought a product liability action in the Wayne Circuit Court against the Ford Motor Company, seeking damages for their injuries. The court, Marianne O. Battani, J., denied a motion by the defendant for a change of venue to Gratiot County. The defendant appealed by leave granted.

The Court of Appeals consolidated the appeals and *held:*

In an action based on tort, the county or counties in which all or part of a plaintiff's injuries or damages occurred is first in priority when determining proper venue.

The tort reform act, provides that venue of tort actions is to be determined in the following order of priority: the county in which all or part of the cause of action arose and in which the defendant resides, has a place of business, or conducts business; the county in which all or part of the cause of action arose and in which the plaintiff resides, has a place of business, or conducts business; the county in which both the plaintiff and defendant reside, have places of business, or conduct business. The statutory phrase "in which all or part of the cause of action arose" refers to the situs of the injuries or damages and

REFERENCES

Am Jur 2d, Venue §§ 15, 36.

See the Index to Annotations under Products Liability; Venue.

not to the situs of the wrongful act or acts. For purposes of these provisions, the county in which all or part of the cause of action arose is the county in which all or part of the plaintiffs' injuries or damages occurred. In these cases, venue is properly in Gratiot County, the county in which the damages occurred.

Reversed and remanded.

VENUE — TORTS.

In an action based on tort, the county or counties in which all or part of a plaintiff's injuries or damages occurred is first in priority when determining proper venue (MCL 600.1629; MSA 27A.1629).

*Charles N. Simkins,* for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana, Donald H. Dawson, Jr.,* and *Kelli C. Claes*), and *Gary L. Hayden,* for the defendant.

Before: GRIFFIN, P.J., and SAWYER and BRENNAN, JJ.

GRIFFIN, P.J. In these consolidated cases, defendant Ford Motor Company appeals by leave granted orders of the Wayne Circuit Court denying its motions for change of venue improperly laid. We reverse, and hold that in an action based on tort the county in which all or part of the plaintiff's injuries or damages occurred is first in priority when determining proper venue.

I

These are product liability actions against Ford Motor Company in which plaintiffs seek damages as a result of a one-car accident in Gratiot County on June 6, 1987. Plaintiffs filed suit in Wayne County, claiming venue on the ground that the vehicle had been defectively designed, manufactured, and assembled at Ford's Wayne County facilities. In both cases, defendant filed motions for

change of venue improperly laid, arguing that venue is properly in Gratiot County because plaintiffs' injuries arose there and because defendant conducts business there.

At a hearing on defendant's motion in *Lorencz,* defendant admitted that the vehicle had been designed, manufactured, and assembled in Wayne County. The lower court denied defendant's motions on the ground that plaintiffs' cause of action "arose in part" in Wayne County. MCL 600.1629(1) (a); MSA 27A.1629(1)(a).

On appeal, defendant contends that the court below erred in denying its motions for change of venue. We agree.

II

In 1985 and 1986, the Legislature debated a series of bills which ultimately became the tort reform act, 1986 PA 178. One of the bills concerned a change in the statutory grounds and priorities for venue in tort actions. The text of the statute at issue is as follows:

(1) Subject to subsection (2), in an action based on tort, the following provisions apply:

(a) A county in which all or part of the cause of action arose and in which either of the following apply is a proper county in which to commence and try the action:

(i) The defendant resides, has a place of business, or conducts business in that county.

(ii) The registered office of a defendant corporation is located in that county.

(b) If no county satisfies the criteria under subdivision (a), a county in which all or part of the cause of action arose and in which either of the following apply is a proper county in which to commence and try the action:

(i) The plaintiff resides, has a place of business, or conducts business in that county.

(ii) The registered office of a plaintiff corporation is located in that county.

(c) If no county satisfies the criteria under subdivision (a) or (b), a county in which both of the following apply is a proper county in which to commence and try the action:

(i) The plaintiff resides, has a place of business, or conducts business in that county, or the registered office of a defendant corporation is located in that county.

(ii) The defendant resides, has a place of business, or conducts business in that county, or the registered office of a defendant corporation is located in that county.

(d) If no county satisfies the criteria under subdivision (a), (b), or (c), a county which satisfies the criteria under section 1621 or 1627 is a proper county in which to commence and try an action. [MCL 600.1629; MSA 27A.1629.]

Plaintiffs argue that Wayne County is a county in which all or part of their cause of action arose because Wayne County is where the allegedly defective vehicle was designed, manufactured, and assembled. Plaintiffs assert that negligence or a product defect is a part of the cause of action and that either theory is supported by actions which occurred at least in part in Wayne County.

Defendant argues that the statutory phrase "a county in which all or part of the cause of action arose" refers to the county or counties in which all or part of the plaintiffs' injuries or damages occurred. Defendant relies upon extensive legislative history in support of its position and upon case law construing the phrase in prior statutes.

A

The analysis of the venue provision at issue

prepared by the House Legislative Analysis Section is supportive of defendant's construction. The bill analysis identifies as the "apparent problem" the practice of many lawyers of forum shopping by filing lawsuits in Wayne County for accidents which occur in other counties. A suit filed in Wayne County for a Grand Traverse County accident was cited as an abuse of the former venue statute:

> The Apparent Problem:
> During discussions of the high cost and limited availability of liability insurance, some people alleged that lawyers for plaintiffs go to great lengths to get cases tried in certain venues where juries are more sympathetic or more likely to grant generous awards in personal injury cases. Theoretically, it is beneficial to plaintiffs to bring actions in the metropolitan tri-county area (Wayne, Oakland, and Macomb counties) and especially in Wayne County. In one standard story, a suit arising from an injury that occurred in Grand Traverse County, where all the parties to the case were from, was filed in Wayne County because the defendant "did business" there (by virtue of the fact that he did business all over the state). The act governing the determination of venue says "the county in which a defendant resides, or has a place of business, or conducts business, . . . is a proper county in which to commence and try an action." Some suggest that, for tort actions at least, a new order of priority for the determination of venue should be enacted in order to address the problem of "forum shopping." [House Legislative Analysis, HB 5150, November 19, 1985.]

The House Legislative Analysis Section also identified the following arguments in support of the venue reform bill:

Arguments:

For:

*The bill would have lawsuits filed on the basis of where the injuries occurred,* or where defendants live or work, or where plaintiffs live or work, and not on the basis of which county has juries that are most sympathetic to plaintiffs or that produce the largest awards. In addition to spelling out the proper priority of venue, the bill would assess costs against those who lose arguments over change of venue motions unless the decision is made for the convenience of the parties or to assure a fair trial. This provision would deter questionable venue motions. [House Legislative Analysis, HB 5150, November 19, 1985.]

Additional legislative history can be found in the form of the following analysis of the tort reform package prepared by the House Special Committee on Liability Insurance:

Tort Reform Proposals

7. PROBLEM: Because of reports of very large jury verdicts, numerous attorneys apparently seek to file claims which have only a marginal relationship to Wayne County in that county in an effort to get a potentially large jury verdict.

RESPONSE: (a) Make the costs of venue motions taxable against the losing party except when the motion for a change of venue is made for the convenience of the parties or on the court's own motion.

(b) *Modify the venue statute to establish proper venue in tort claims on a priority basis with the following order of priority: where the injury occurred;* where the defendant resides; where the plaintiff resides. [October 31, 1985, letter by Representative Lewis N. Dodak, Chairman of the House Special Committee on Liability Insurance, to House Speaker Gary M. Owen.]

The primary goal of judicial construction of statutes is to ascertain and give effect to the intent

of the Legislature. *People v Hawkins,* 181 Mich App 393, 396; 448 NW2d 858 (1989). In construing statutes, we should be cognizant of the objectives the Legislature sought to achieve by enacting the statute.

B

Almost one hundred years ago, the Michigan Supreme Court in *Davis v Frankenlust Twp,* 118 Mich 494; 76 NW 1045 (1898), first construed a venue statute which required an action to be brought "in the county where the cause of action arises." In *Davis,* the plaintiff's farm located in Saginaw County was flooded by the defendant's tortious conduct of discharging excess water in neighboring Bay County. The Supreme Court rejected the defendant's argument that venue was proper in the county in which the tortious act occurred (Bay County) and held that, under the former venue statute, venue was proper only in the county in which the damages occurred (Saginaw County):

> What is the fact in this case which gives complainant a right to maintain this proceeding, if he has such a right? It is manifestly a trespass to his lands by causing to come upon them water in unusual quantities, to his injury. That trespass does not occur until the water reaches his land. *It is true, some of the agencies which cause this result are set in motion some distance away from his land, and in the adjoining county.* These acts would have constituted no cause of complaint had they not resulted in a trespass, and the act which constituted the trespass was the arrival and the spreading of the water upon the land of complainant in unusual quantities. The complainant resides in Saginaw County. The land injured is in that county. The trespass occurs upon the land in that

county, and we think the chancery court of that county has jurisdiction to dispose of the case. 2 How Stat § 6611. [*Id.* at 496.]

The holding of *Davis* was analyzed by Professor Carl S. Hawkins in 32A MCLA in the Practice Commentary to MCL 600.1627, pp 406-407, regarding a later venue statute which contained the statutory phrase at issue in the instant case:

Under a former statute, actions against public officers had to be brought in the county where the cause of action arose. In a case where the action of highway officers in one county caused flooding of the plaintiff's lands in another county, the court construed the statute as placing venue in the county where the lands were located, since there was no cause of action until the lands were flooded. Davis v Township of Frankenlust, 118 Mich 494; 76 NW 1045 [(1898)]. *In other words, for venue purposes the cause of action arose in the county where the plaintiff's injury occurred.*

We submit this would be the preferred construction of the new statute. The wrongful act of the defendant gives rise to no cause of action until an invasion of the plaintiff's interests occurs. Accrual of the cause of action should be fixed by reference to the occurrence of the last fact necessary to complete the right of action, which is the injury to the plaintiff. *The place where the injury occurred will be known more precisely by the plaintiff than the place where the defendant's wrongful act occurred* and, therefore, provides a more workable basis for selecting venue. If that is not the most convenient place for trial, the defendant may obtain a transfer under GCR 1963, 403. [Emphasis added.]

Such an analysis was followed by our Court in *Anthony v Forgrave,* 126 Mich App 489; 337 NW2d 546 (1983). In that case, we distinguished

*People v Consumers Power Co,* 275 Mich 86, 92; 265 NW 785 (1936), which implied that the situs of the wrongful act, not the situs of the injury, governs the determination of venue. See *Anthony, supra* at 493, n 2. As noted in *Anthony, People v Consumers Power Co* is inapposite because the statute construed in *Consumers* was materially different in that it did not require venue in the county "in which all or part of the cause of action arose," but rather in the county "where the act was done, or where the act omitted was required, in whole or in part to be done, upon which the penalty or forfeiture attached."

Plaintiffs' reliance upon the dicta in *Marsh v Walter L Couse & Co,* 179 Mich App 204, 208; 445 NW2d 204 (1989), is also misplaced. In *Marsh,* this Court merely stated that, assuming arguendo that the plaintiff's construction of the venue statute was correct, the plaintiff had failed to provide the trial court with any credible factual evidence that venue was properly laid in the county claimed by the plaintiff.

Recently in *Johnson v Simongton,* 184 Mich App 186; 457 NW2d 129 (1990), we attempted to reconcile the conflict in prior decisions concerning venue for wrongful death actions. In applying the venue provisions of the tort reform act, we held that the plaintiff's cause of action arose in the county where the fatal injury to the plaintiff occurred:

> [O]ur Supreme Court has also expressly stated that the plaintiff's damages are an essential part of the cause of action. Therefore, the complete cause of action does not accrue until the plaintiff suffers damages. *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146; 200 NW2d 70 (1972). Following this latter rule, this Court has held that venue is proper in the county

where an injured party died although the injuries that caused death were suffered in another county. *Catanese v Hegen*, 115 Mich App 301, 304-306; 320 NW2d 351 (1982).

However, we note that this Court is in conflict on this particular issue. In *Anthony v Forgrave*, 126 Mich App 489; 337 NW2d 546 (1983), a panel of this Court expressly adopted Judge BEASLEY's dissent in *Catanese, supra,* and held that absent a specific statute governing such actions, venue in wrongful death actions is determined according to the venue statutes governing personal injury actions. Therefore, venue is determined according to the principles which would have controlled if the injured person had not died and was suing to recover damages for the wrongful conduct. The focus is on the cause of action underlying the wrongful death claim and on determining the county in which all or a part of that underlying claim arose. *Id.,* pp 492-493.

We conclude that the rule adopted in *Anthony, supra,* is correct. The majority opinion in *Catanese* was largely based on earlier decisions which construed the operation of the statute of limitations in wrongful death actions and concluded that a cause of action under the wrongful death statute does not accrue until death occurs. *Catanese, supra,* pp 303-305. See also *Rhule v Armstrong,* 384 Mich 709; 187 NW2d 223 (1971); *Coury v General Motors Corp,* 376 Mich 248; 137 NW2d 134 (1965). However, in several recent decisions, our Supreme Court has held that a cause of action under the wrongful death act accrues at the time the person is fatally injured, rather than when he dies. *Hawkins v Regional Medical Laboratories, PC,* 415 Mich 420, 436-437; 329 NW2d 729 (1982), overruling *Coury, supra,* and *Rhule, supra.* See also *Hardy v Maxheimer,* 429 Mich 422, 427; 416 NW2d 299 (1987); *Larson v Johns-Manville Sales Corp,* 427 Mich 301, 314; 399 NW2d 1 (1986). We believe that the venue rule adopted in *Anthony* is more consistent with the Supreme Court's current view on accrual of wrongful death claims.

> Our wrongful death statute, MCL 600.2922;
> MSA 27A.2922, contains no specific venue provi-
> sions. Therefore, the general venue statute for tort
> actions, MCL 600.1629; MSA 27A.1629, controls.
> *Because plaintiffs' cause of action arose in Ne-
> waygo County, where the fatal injury to plaintiffs'
> decedent occurred, and defendant conducts busi-
> ness in that county, the trial court properly
> granted defendant's motion to change venue.*
> [*Johnson, supra* at 189-190. Emphasis added.]

Finally, in numerous unpublished orders which
applied the venue provisions of the tort reform act,
this Court followed *Davis v Frankenlust Twp* and
*Anthony v Forgrave* in ruling that the county in
which all or part of the injuries occurred, not the
county or counties in which the wrongful acts
occurred, is first in priority when determining
proper venue. The numerous peremptory orders
issued by this Court on this issue are evidence of
the generally accepted view that the construction
of the statutory phrase at issue was settled long
ago. We can only assume that the Legislature was
cognizant of our construction when it repeated the
phrase in the tort reform venue statute.

C

Plaintiffs argue that the phrase in the current
and former venue statutes "a county in which all
*or part of the cause of action arose*" must refer to
the county or counties in which the elements of
plaintiffs' liability case arose because the phrase
"part of the cause of action" would be redundant
under any other construction. We disagree and
conclude that there are numerous factual situa-
tions in which the phrase would be operative.

At the outset, we note that Michigan has a
compulsory joinder rule which, subject to waiver,

requires a pleader to "join every claim that the pleader has against the opposing party at the time of serving the pleading, if it arises out of the transaction or occurrence that is the subject matter of the action." MCR 2.203(A)(1).[1]

A "cause of action" has been defined as an action which includes all claims of the pleader against the opposing party arising out of the same transaction or occurrence. Conversely, "splitting a cause of action" has been defined as litigating "piecemeal," i.e., in separate suits, various claims of the pleader against the opposing party arising out of the same transaction or occurrence. See generally *Arnold v Masonic Country Club*, 268 Mich 430, 434-435; 256 NW 472 (1934); *Tuttle v Everhot Heater Co*, 264 Mich 60, 64; 249 NW 467 (1933).

We agree with the defendant that venue would be proper in more than one county when separate claims, i.e., parts of the cause of action, arise in different counties and are then combined into a single cause of action. Thus, for example, venue is proper in more than one county when the plaintiff is falsely arrested in one county and falsely imprisoned in another. See *Hafner v U S Fidelity & Guaranty Co*, 35 Idaho 517; 207 P 716 (1922).

[1] MCR 2.203(A) states:

(A) Compulsory Joinder.

(1) In a pleading that states a claim against an opposing party, the pleader must join every claim that the pleader has against that opposing party at the time of serving the pleading, if it arises out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

(2) Failure to object in a pleading, by motion, or at a pretrial conference to improper joinder of claims or failure to join claims required to be joined constitutes a waiver of the joinder rules, and the judgment shall only merge the claims actually litigated. This rule does not affect collateral estoppel or the prohibition against relitigation of a claim under a different theory.

Furthermore, under the tort reform venue provision, if the plaintiff's farm in *Davis* had been located in more than one county, the plaintiff would not have been required to split his cause of action because he could have sued in any county in which all or part of his damages occurred.

III

In conclusion, our review of the legislative history of the tort reform act and of prior case law supports defendant's construction of the tort reform venue statute. We therefore hold that in actions based on tort the county of first priority for venue is the county or counties in which the injuries or damages occurred. The statutory phrase "in which all or part of the cause of action arose" refers to the situs of the injuries or damages and not to the situs of the wrongful act or acts.

Reversed and remanded with instructions to transfer venue to Gratiot County. We do not retain jurisdiction.